The opinion of the Court was delivered by
Pocíié, J.
The account of administration presented by the executrix was opposed by H. Mehnert, who claimed to he a creditor for $878.25, and by John Becker, who claimed to be a creditor for $700, and the executrix has appealed from a judgment recognizing both opponents as ordinary creditors in the respective sums set up by them, and ordering them to be paid in due course of administration.
The claim, of Mehnert is resisted on the ground of his having sued *1247 Mrs. Mansion, the surviving wife of the decedent and the executrix of 3iis succession, personally on an open account constituting' the claim which he now urges against the succession.
The record shows that such is the fact; but that in defense Mrs. Mansion denied her personal liability for said account, and averred that said account was due by her husband’s succession. In the same suit, she subsequently filed a confession of judgment,' conditioned on a stay of execution until she could effect a sale of the property of her husband’s succession, or as much thereof as was necessary to settle Mehnert’s claim.
As the succession had -been opened and she had been qualified as executrix between the date of the institution of the suit and the date of her confession, we construe that confession as an unmistakable acknowledgment of the succession’s indebtedness to Mehnert, by the executrix; and we hold that such acknowledgment has had the effect of keeping the claim alive and of suspending prescription during the entire pendency of the administration. 33 An. 305; Cloutier vs. Lemee; Heirs vs. Hornsby, 32 An. 337; Renshaw vs. Stafford, 30 An. 853.
The principles and rules recognized and re-affirmed in the decisions just quoted dispose of all the objections of appellant to the introduction of evidence to show acknowledgments of indebtedness by the executrix, in any other form or manner than that prescribed in Art.' i)85 of the Code of Practice.
It is not pretended that prescription had accrued when the acknowledgment was made. The plea of prescription cannot be supplied by the Court.
The claim of John Becker is in the shape of a promissory note executed by the executrix, in her capacity, in June, 1880, and made.' payable six months of the date, and is resisted on the ground that the executrix had no power to contract debts for, or bind the succession by a promissory note.
The record shows that at the death of Mansion in June, 1873, John Becker, a brother of the executrix, held his note, for $500, falling due a few days after Mansion’s death, and that having made a loan to his sister, the executrix, of $200, for the use of the succession, he delivered to her Mansion’s note of $500, receiving in lieu thereof, and to represent the additional sum of $200, his sister’s note for $700 on which she paid interests annually and regularly, and which she renewed, by executing another note several times.
We construe these acts of the executrix as an unqualified acknowledgment of the succession’s indebtedness to Becker for $500, and that 5,uch acknowledgment, followed by an annual payment of interests, *1248 has kept the claim alive and suspended prescription. But we cannot hold the succession liable for the additional sum of two hundred dollars borrowed by the widow Mansion before the succession was opened, as shown by the record; she had no authority to contract a debt on behalf of a succession as executrix, a fortiori she was powerless to do so previous to her qualification as executrix. The fact that she used the money thus borrowed in paying another debt of the succession cannot bind the succession. It is well settled in our jurisprudence that administrators or executors have no power to create any liabilities-against the estate which they represent-, or change the nature of its obligations. 24 An. 83, Succession of Compton; 22 An. 372, Succession of Decuir; 21 An. 287, Livingston vs. Gaussen.
- The debt which is shown to have been paid by the- widow Mansion, with the money borrowed from Becker, might have been successfully resisted in due course of administration,- and the succession is not bound by the act of the surviving widow, or even of the executrix, in attempting to change the nature of the obligation.
We, therefore, think that the District Judge erred in allowing opponent Becker’s full claim.
The judgment appealed from is, therefore, amended, by reducing the amount recognized in favor of John Becker from $700 to $500, and as thus amended, it is affirmed. Costs of this appeal to be paid equally by the succession and by opponent Becker.
Note. — Justice Manning took no part in Delaney vs. Rochereau, ante 1123, on the Motion to Dismiss; nor in Renshaw vs. Stafford, ante 1138; nor in other cases which, like those, were submitted at the last term and held under advisement until this term, the hearing having been before his appointment.